UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>13-14063-CR-MARTINEZ/LYNCH</u>
18 U.S.C. § 1951(a)
18 U.S.C. § 924(c)(1)(A)(ii) & (iii)
18 U.S.C. § 924(d)(1)

UNITED STATES OF AMERICA

v.

YUBRAN ALVAREZ VASQUEZ,
and
MATTHEW EMMANUEL VASQUEZ,

Defendants.
_____/



INDICTMENT

The Grand Jury charges that:

COUNT ONE

From a date unknown to the Grand Jury, but at least from on or about February 1, 2013, and continuing through on or about February 19, 2013, in Indian River, Saint Lucie, and Palm Beach Counties, within the Southern District of Florida, and in Brevard County, within the Middle District of Florida, and elsewhere, the defendants

YUBRAN ALVAREZ VASQUEZ
and
MATTHEW EMMANUEL VASQUEZ,

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury to obstruct, delay, and affect commerce and the

movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), in that the defendants did plan to take United States currency and other property from the persons and in the presence of persons, employed at, and persons patronizing, businesses and companies operating in interstate and foreign commerce, against the will of those persons, by means of actual and threatened force, violence, and fear of injury to said persons.

### A.    OBJECT AND PURPOSE

It was the purpose and object of this conspiracy to make money by unlawfully robbing businesses and companies engaged in and affecting interstate commerce.

### B.    MANNER AND MEANS

Among the manner and means used to achieve the unlawful objective of the conspiracy were the following:

1. The defendants traveled from outside the State of Florida into the State of Florida to commit robbery.

2. The defendants stayed in motels and hotels in Florida which they would frequently switch after committing a robbery.

3. The defendants would wear gloves and cover their faces in an attempt to avoid identification.

4. The defendants would target businesses located close to Interstate 95, within the Southern and Middle Districts of Florida, in order to effectuate a speedy escape after committing a robbery, including robberies of a Chevron gas station in Cape Canaveral, Florida and a Mobil gas station in Melbourne, Florida.

5. The defendants would possess, carry, use, brandish, and discharge firearms to commit the robberies.

6. The defendants would transport outside the State of Florida property taken in the robberies.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO

On or about February 14, 2013, in Indian River County, in the Southern District of Florida, the defendants

**YUBRAN ALVAREZ VASQUEZ**
and
**MATTHEW EMMANUEL VASQUEZ,**

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), in that the defendants did take United States currency from a person and in the presence of a person, employed at the Holiday Inn Express, located at 9400 19th Lane, Vero Beach, Florida, a business and company operating in interstate and foreign commerce, against the will of that person,

3

by means of actual and threatened force, violence and fear of injury to said person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

### COUNT THREE

On or about February 14, 2013, in Indian River County, in the Southern District of Florida, the defendants

**YUBRAN ALVAREZ VASQUEZ**
and
**MATTHEW EMMANUEL VASQUEZ,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, specifically, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count Two of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), it is further alleged that the firearm was discharged.

### COUNT FOUR

On or about February 15, 2013, in Saint Lucie County, in the Southern District of Florida, the defendants

**YUBRAN ALVAREZ VASQUEZ**
and
**MATTHEW EMMANUEL VASQUEZ,**

4

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), in that the defendants did take United States currency and other property from the person and in the presence of the person employed at, and persons patronizing, the Holiday Inn Express, located at 1601 Courtyard Circle NW, Port Saint Lucie, Florida, a business and company operating in interstate and foreign commerce, against the will of said persons, by means of actual and threatened force, violence and fear of injury to said person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

### COUNT FIVE

On or about February 15, 2013, in Saint Lucie County, in the Southern District of Florida, the defendants

**YUBRAN ALVAREZ VASQUEZ**
and
**MATTHEW EMMANUEL VASQUEZ,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, specifically, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count Four of this Indictment, in

5

violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## COUNT SIX

On or about February 15, 2013, in Palm Beach County, in the Southern District of Florida, the defendants

**YUBRAN ALVAREZ VASQUEZ**
and
**MATTHEW EMMANUEL VASQUEZ,**

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), in that the defendants did take United States currency and other property from the person and in the presence of the person employed at the BP gas station, located at 5490 Military Trail, Jupiter, Florida, a business and company operating in interstate and foreign commerce, against the will of that person, by means of actual and threatened force, violence and fear of injury to said person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT SEVEN

On or about February 15, 2013, in Palm Beach County, in the Southern District of Florida, the defendants

YUBRAN ALVAREZ VASQUEZ
and
MATTHEW EMMANUEL VASQUEZ,

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, specifically, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count Six of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

### COUNT EIGHT

On or about February 19, 2013, in Indian River County, in the Southern District of Florida, the defendants

YUBRAN ALVAREZ VASQUEZ
and
MATTHEW EMMANUEL VASQUEZ,

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), in that the defendants did take United States currency and other property from the person and in the presence of the person, employed at Game Stop, Inc. located at

7

6310 20th Street, Vero Beach, Florida, a business and company operating in interstate and foreign commerce, against the will of that person, by means of actual and threatened force, violence and fear of injury to said person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT NINE

On or about February 19, 2013, in Indian River County, in the Southern District of Florida, the defendants

**YUBRAN ALVAREZ VASQUEZ**
and
**MATTHEW EMMANUEL VASQUEZ,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, specifically, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count Eight of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## FORFEITURE

Upon conviction of any the violations alleged in Counts One through Nine of this Indictment, the defendants

**YUBRAN ALVAREZ VASQUEZ**
and
**MATTHEW EMMANUEL VASQUEZ,**

shall forfeit to the United States any firearm or ammunition involved in or used in said violation.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 924(d), and the procedures outlined at Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
RUSSELL R. KILLINGER
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

v.

**CERTIFICATE OF TRIAL ATTORNEY***

YUBRAN ALVAREZ VASQUEZ,
and
MATTHEW EMMANUEL VASQUEZ,

_____ **Defendant(s)** / **Indictment Case Information:**

Court Division: (Select One)

- ___ Miami
- ___ FTL
- ___ Key West
- ___ WPB
- _X_ FTP

New Defendant(s)    Yes ___ No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect ___

4. This case will take **8** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days   ___
   - II   6 to 10 days   _X_
   - III   11 to 20 days   ___
   - IV   21 to 60 days   ___
   - V   61 days and over   ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem.   ___
   - Felony   _X_

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes:
   Magistrate Case No. ___
   Related Miscellaneous numbers: ___
   Defendant(s) in federal custody as of ___
   Defendant(s) in state custody as of ___
   Rule 20 from the ___ District of ___

   Is this a potential death penalty case? (Yes or No) **NO**

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

*signature*
RUSSELL R. KILLINGER
ASISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

CASE NO. _____

**Defendant's Name:** YUBRAN ALVAREZ VASQUEZ

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy to commit robbery affecting interstate commerce | 18:1951(a) | 20 years imprisonment; $250,000 fine; SR: 5 years; $100 Special Assessment |
| 2, 4, 6, 8 | Robbery affecting interstate commerce | 18:1951(a) 18:2 | 20 years imprisonment; $250,000 fine; SR: 5 years; $100 Special Assessment |
| 3 | Using a Firearm in furtherance of a crime of violence (discharged) | 18:924(c)(1)(A)(iii) 18:2 | 10 year mandatory minimum up to life imprisonment consecutive to any other sentence: $250,000 fine SR: up to 5 years; $100 Special Assessment |
| 5, 7, 9 | Using a Firearm in furtherance of a crime of violence (brandished) | 18:924(c)(1)(A)(ii) 18:2 | 25 year mandatory minimum to life imprisonment as to each count consecutive to any other sentence imposed; $250,000 fine SR: up to 5 years; $100 Special Assessment |

1

|  | Forfeiture | 18:924(d), 21:853 |  |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

CASE NO. _____

Defendant's Name: MATTHEW EMMANUEL VASQUEZ

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy to commit robbery affecting interstate commerce | 18:1951(a) | 20 years imprisonment; $250,000 fine; SR: 5 years; $100 Special Assessment |
| 2, 4, 6, 8 | Robbery affecting interstate commerce | 18:1951(a) 18:2 | 20 years imprisonment; $250,000 fine; SR: 5 years; $100 Special Assessment |
| 3 | Using a Firearm in furtherance of a crime of violence (discharged) | 18:924(c)(1)(A)(iii) 18:2 | 10 year mandatory minimum up to life imprisonment consecutive to any other sentence: $250,000 fine SR: up to 5 years; $100 Special Assessment |
| 5, 7, 9 | Using a Firearm in furtherance of a crime of violence (brandished) | 18:924(c)(1)(A)(ii) 18:2 | 25 year mandatory minimum to life imprisonment as to each count consecutive to any other sentence imposed; $250,000 fine SR: up to 5 years; $100 Special Assessment |

1

|  | Forfeiture | 18:924(d), 21:853 |  |
|--|------------|-------------------|--|

2