UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14063-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA

        Plaintiff,

v.

YUBRAN ALVAREZ VASQUEZ,

        Defendant.

_____/

## PLEA AGREEMENT

The United States of America and YUBRAN ALVAREZ VASQUEZ (hereafter "Defendant"), enter into the following agreement:

1. Defendant agrees to plead guilty to counts three (3) and nine (9) of the Indictment, which counts charge Defendant with knowingly using and carrying a firearm during and in relation to a crime of violence and knowingly possessing a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924 (c) (1) (A) (ii) & (iii) and 2.

2. The United States agrees to seek dismissal of counts 1, 2, 4, 5, 6, 7, 8 and the forfeiture allegation, as to Defendant, after sentencing.

3. Defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereafter "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Presentence Investigation by the Courts' probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that,

Exhibit 2

under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1, and that Defendant may not withdraw the plea solely as a result of the sentence imposed.  Defendant is also aware that the Sentencing Guidelines do not provide for parole.

4. Defendant also understands and acknowledges that the Court, as to Count 3, may impose a sentence up to the statutory maximum term of life imprisonment, followed by a term of supervised release of up to five (5) years.  Also as to Count 3, the Court must impose a mandatory minimum term of imprisonment of ten (10) years because a firearm was discharged during a federal crime of violence.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00 dollars as to Count 3.  Defendant also understands and acknowledges that, as to Count 9, the Court may impose a sentence up to the statutory maximum of life imprisonment, followed by a term of supervised release of up to five (5) years.  Also as to Count 9, the Court must impose a mandatory minimum term of imprisonment of not less than twenty-five (25) years consecutive to any other term of imprisonment imposed.  In addition to a term of imprisonment and supervised release, as to Count 9, the Court may impose a fine of up to

$250,000.00 dollars. Defendant understands and acknowledges that as to Counts 3 and 9 the Court must impose a mandatory minimum term of imprisonment of 10 years as to Count 3, to be followed by a consecutive term of imprisonment of 25 years as to Count 9. The total terms of imprisonment shall not be less than 35 years.

Defendant also understands and acknowledges that pursuant to the Mandatory Victim Restitution Act, Title 18, United States Code, Section 3663A(c)(2), the Court must order restitution in an amount that will be determined at sentencing or in a separate restitution hearing. Defendant agrees that the offenses of conspiracy to commit robbery affecting commerce and robbery affecting commerce set forth in Counts 1, 2, 4, 6, and 8 of the Indictment are crimes of violence which relate to and gave rise to this plea agreement.

5. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement a special assessment in the amount of $100.00 will be imposed on Defendant for each of Counts 3 and 9 for a total special assessment of $200.00. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to the United States Attorney's Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

6. The Office of the United States Attorney for the Southern District of Florida reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether or not charged or dismissed pursuant to this agreement, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing

3

recommendations contained in this agreement, the United States Attorney's Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, the United States will make a motion requesting an additional one level decrease, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion if Defendant:

- a. fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

- b. is found to have misrepresented facts to the Government prior to entering into this plea agreement; or

- c. commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any Governmental entity or official.

8. The United States Attorney's Office and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing

4

Guidelines. The United States Attorney's Office and Defendant further agree, except as otherwise expressly contemplated in this plea agreement, that they will jointly recommend that the Court neither depart upward or downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case. The parties agree to jointly recommend that the Court sentence Defendant to a total term of imprisonment of 35 years.

9. Defendant hereby voluntarily abandons to the Indian River County Sheriff's Office and Brevard County Sheriff's Office all right, title, and interest in the following property:

   a. RIOT High Standard 12 gauge shotgun serial number 3241872.

   b. Thirty-nine (39) cartridges typical of .38 special ammunition stamped "HPR."

10. Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of appellate rights. By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with

5

Defendant's attorney. Defendant further agrees, together with the United States, to request that the Court enter a specific finding that Defendant's waiver of Defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

11.     Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the United States will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant also waives objection to the use against him of any information or statements he has provided to the Government, and any resulting leads.

12.     Defendant is aware that the sentence has not yet been determined by the Court, Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office or the Court. Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understand and acknowledges, as previously acknowledged in paragraph 3 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both Defendant and the Government.

13. Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the Government's case as well as the following rights: to go to trial, to cross-examine the Government's witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

14. This is the entire agreement and understanding between the United States and Defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: May 19, 2014

RUSSELL R. KILLINGER
ASSISTANT UNITED STATES ATTORNEY

Date: 5-16-14

PANAYOTTA AUGUSTIN-BIRCH
ATTORNEY FOR DEFENDANT

Date: 5-16-14

YUBRAN ALVAREZ VASQUEZ
DEFENDANT