**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-cv-14247**
**(Underlying Criminal Case No. 13-14063-cr-Martinez)**

YUBRAN ALVAREZ VASQUEZ
        Movant,

v.

UNITED STATES OF AMERICA,
        Respondent.
_____/

## MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND MEMORANDUM OF LAW IN SUPPORT

Yubran Alvarez Vasquez, through undersigned counsel, respectfully moves this Court to correct his sentence, pursuant to 28 U.S.C. § 2255, and states:

1. On May 19, 2014, Mr. Vasquez was convicted of using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Counts Three and Nine).

2. On August 27, 204, this Court sentenced Mr. Vasquez to 120 months on discharge of firearm during and in relation to a "crime of violence", the § 924(c) (Count Three), and 300 months on brandishing of firearm during and in relation to a "crime of violence" (Count Nine) to run consecutively to Count Three for a total sentence of 420 months imprisonment.

3. Mr. Vasquez now requests relief in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (June 26, 2015),

1

which held that the ACCA's "residual clause" in § 924(e)(2)(B)(ii) is unconstitutionally vague.

4.     Application of *Johnson* to this case demonstrates that Mr. Vasquez is actually innocent of Counts Three and Nine, the § 924(c) Counts, because Conspiracy/Hobbs Act Robbery no longer qualifies as a predicate "crime of violence."

5.     Accordingly, Mr. Vasquez is entitled to relief under § 2255.

## PROCEDURAL HISTORY

### The Indictment

On June 30, 2011, a federal grand jury sitting in the Southern District of Florida charged Mr. Vasquez with conspiracy to commit robbery affecting interstate commerce (Count One); robbery affecting interstate commerce (Counts Two, Four, Six, Eight); using a firearm in furtherance of a crime of violence (discharged) (Count Three); and using a firearm in furtherance of a crime of violence (brandished) (Counts Five, Six, Seven).  (DE1).

### The Plea

On May 19, 2014, Mr. Vasquez entered a plea of guilty, pursuant to a plea agreement, to using a firearm in furtherance of a crime of violence (discharged) (Count Three), in violation of 18 U.S.C. §924(c)(1)(A)(iii) and using a firearm in furtherance of a crime of violence (brandished) (Count Nine), in violation of 18 U.S.C. §924(c)(1)(A) (Counts Nine).  (DE24,26).

## The Sentencing

The Probation Department calculated Mr. Henderson's advisory Guideline level pursuant to U.S.S.G. §2K2.4, for the offenses involving using a firearm in furtherance of a crime of violence (discharged) and brandished). As such, because defendant was convicted of violating 18 U.S.C. §924(c), the guideline is the minimum term of imprisonment required by statute. Count Three requires a minimum of ten years consecutive to any other sentence, and Count Nine requires a minimum term of imprisonment of 25 years consecutive to any other sentence, for a total term of imprisonment of at least 35 years. (PSI ¶35).

In Part B of the PSI, the Probation Department noted that Mr. Vasquez had 2 criminal history points and a criminal history category II. (PSI ¶39). Mr. Vasquez's guideline range was a minimum statutory penalty of 35 years and a maximum of life. (PSI ¶70).

At sentencing, on August 27, 2014, this Court imposed a sentence of 420 months (Counts Three and Nine consecutive to each other). (DE81,83). Arguably, it's unclear from the record, which substantive count qualified as the "crime of violence" for the §924(c) counts[1]. Mr. Vasquez did not appeal. Nor has he ever filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255.

---

[1] Pursuant to the plea agreement, Mr. Vasquez pled guilty to two counts of §924(c) and the rest of the counts were dismissed. (DE69).

## GROUNDS FOR RELIEF

Mr. Vasquez is actually innocent of his § 924(c) convictions and sentence. As an initial matter: Mr. Vasquez's claim is cognizable on collateral review; *Johnson* applies retroactively to this case; and Mr. Vasquez's claim is timely.

## I.     Mr. Vasquez's Claim is Cognizable Under § 2255

Title 28 U.S.C. § 2255(a) authorizes a federal prisoner claiming "that [his] sentence was imposed in violation of the Constitution . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Mr. Vasquez claims that his § 924(c) convictions and resultant consecutive sentence violate due process. This constitutional claim is cognizable in a § 2255 motion under § 2255(a).

In addition, the Supreme Court has squarely held that, where a defendant is convicted and punished for an offense that the law does not make criminal, he has a claim that is cognizable under 28 U.S.C. § 2255. *Davis v. United States*, 417 U.S. 333, 346-47 (1974) ("If this contention is well taken, then Davis' conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justifies collateral relief under s 2255. Therefore, although we express no view on the merits of the petitioner's claim, we hold that the issue he raises is cognizable in a § 2255 proceeding.") (quotation marks omitted).

## II.    Mr. Vasquez's Motion is Timely

As relevant here, § 2255 imposes a one-year statute of limitations that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). That date runs from the date the Supreme Court recognizes the new right. *Dodd v. United States*, 545 U.S. 343, 360 (2005).

Mr. Vasquez's motion is timely under § 2255(f)(3). In declaring the ACCA's residual clause unconstitutionally vague, *Johnson* recognized a new right because that result was not "dictated by precedent" at the time Mr. Vasquez's conviction became final. *See Howard v. United States*, 374 F.3d 1068, 1073–74 (11th Cir. 2004). To the contrary, the Supreme Court itself, as well as the Eleventh Circuit, had repeatedly rejected vagueness challenges to the residual clause. *Sykes v. United States*, 564 U.S. 1 (2011); *James v. United States*, 550 U.S. 192, 210 n. 6 (2007); *United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir. 2013). And, as explained above, *Johnson* applies retroactively because it is a substantive rule.

Therefore, Mr. Vasquez has one year from the date *Johnson* was decided—June 26, 2016—to seek relief. *See Dodd v. United States*, 545 U.S. 343, 360 (2005). Thus, this motion is timely under § 2255(f)(3).

## III.    *Johnson* Applies Retroactively to this Case

In *Welch v. United States*, the Supreme Court squarely held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral

review." 578 U.S. at __, 136 S. Ct. 1257, 1268 (2016); *see id.* at 1265 ("the rule announced in *Johnson* is substantive"); *Mays v. United States*, 817 F.3d 728, 736 (11th Cir. 2016) (concluding even before *Welch* that "*Johnson* is retroactive because it qualifies as a substantive rule . . . since it narrows the class of people that may be eligible for a heightened sentence under the ACCA."). And the Supreme Court has held that decisions narrowing the reach of § 924(c) are substantive rules that apply retroactively. *Bousley v. United States*, 523 U.S. 614, 620-21 (1998). Thus, there can be little dispute that *Johnson* applies retroactively to this case.

## IV. The Categorical and Modified Categorical Approach

Before explaining why Mr. Vasquez is actually innocent of his § 924(c) conviction and sentence, it is necessary to briefly set out the governing analytical framework. That framework, summarized below, was refined most recently in *Descamps v. United States*, 133 S. Ct. 2275 (2013), which is "the law of the land" and "must be . . . followed." *United States v. Howard*, 73 F.3d 1334, 1344 n.2 (11th Cir. 2014).

As is the case in determining whether a predicate offense qualifies as a "violent felony" under the ACCA, in determining whether a predicate offense qualifies as a "crime of violence" for purposes of a conviction under 18 U.S.C. § 924(c), this Court must apply the "categorical approach." Under that approach, "courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps*, 133 S. Ct. at 2283 (quoting *Taylor v. United States*, 495

U.S. 575, 600 (1990)). In adopting this approach, the Supreme Court emphasized both Sixth Amendment concerns (explained below) and the need to avert "'the practical difficulties and potential unfairness of a [daunting] factual approach.'" *Id.* at 2287 (quoting *Taylor*, 495 U.S. at 601). As a result, courts must "look no further than the statute and judgment of conviction." *United States v. Estrella*, 758 F.3d 1239, 1244 (11th Cir. 2014) (citation omitted). And, in doing so, they "must presume that the conviction 'rested upon nothing more than the least of the acts' criminalized." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2011) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

Because *Johnson* has voided the residual clause in 18 U.S.C. § 924(c)(3)(B) for the reasons detailed below, a predicate conviction will continue to qualify as a "crime of violence" after *Johnson* only if it satisfies the elements clause in § 924(c)(3)(A). The Eleventh Circuit has extended *Descamps'* methodology beyond the enumerated offenses provision at issue in that case, to the elements clause in both the ACCA and Sentencing Guidelines – which are worded identically to each other, and almost identically to §924(c)(3)(A). Looking no further than the statute and judgment of conviction, the Eleventh Circuit has held, a conviction will therefore qualify as a predicate within the elements clause "only if the statute on its face requires the government to establish, beyond a reasonable doubt and without exception, an element involving the use, attempted use, or threatened use of physical force against a person for every charge brought under the statute." *Estrella*, 758 F.3d at 1244 (citation omitted). "Whether, in fact, the person suffering

under this particular conviction actually used, attempted to use, or threatened to use physical force against a person is quite irrelevant. Instead, the categorical approach focuses on whether *in every case* a conviction under the statute *necessarily* involves proof of the element." *Id.* (citations omitted; emphasis added).

To implement the categorical approach, the Supreme Court has "recognized a narrow range of cases in which sentencing courts" may look beyond the statute and judgment of conviction and employ what it is referred to as the "modified categorical approach." *Descamps*, 133 S. Ct. at 2283–84. Those cases arise where the statute of conviction contains alternative elements, some constituting a violent felony and some not. In that scenario, "the statute is 'divisible,'" in that it "comprises multiple, alternative versions of the crime." *Id.* at 2284. As a result, "a later sentencing court cannot tell, without reviewing something more [than the statute and judgment of conviction], if the defendant's conviction" qualifies as violent felony. *Id.*

Two key points must be made about the modified categorical approach. First, *Descamps* made clear that "the modified categorical approach can be applied only when dealing with a divisible statute." *Howard*, 742 F.3d at 1344. Thus, where the statute of conviction "does not concern any list of alternative elements" that must be found by a jury, there is no ambiguity requiring clarification, and therefore the "modified approach . . . has no role to play." *Descamps*, 133 S. Ct. at 2285–86; *see Estrella*, 758 F.3d at 1245–46; *Howard*, 742 F.3d at 1345–46. "[I]f the modified categorical approach is inapplicable," then the court must limit its review to the statute and judgment of conviction. *Howard*, 742 F.3d at 1345. And, even if a

statute is divisible, the court need not employ the modified categorical approach if none of the alternatives would qualify. *Id.* at 1346–47.

Second, even where the modified categorical approach does apply, it does not permit courts to consider the defendant's underlying conduct. Rather, "the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute. The modified approach thus acts not as an exception, but instead as a tool. It retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Descamps*, 133 S. Ct. at 2285. And, in order to ensure that the focus remains on the statutory elements rather than the defendant's underlying conduct, the court is restricted in what documents it may consider.

In *Shepard v. United States*, 544 U.S. 13, 15 (2005), the Supreme Court held that courts are "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." What these *Shepard* documents have in common is that they are "conclusive records made or used in adjudicating guilt." *Id.* at 21; *see id.* at 23 ("confin[ing]" the class of permissible documents "to records of the convicting court approaching the certainty of the record of conviction"). That accords with their function in the modified categorical approach— namely, to permit the court to identify the elements for which the defendant was convicted. *Descamps*, 133 S. Ct. at 2284.

Importantly, and as the Supreme Court explained in *Descamps*, that inexorable focus on the elements derives in large part from "the categorical approach's Sixth Amendment underpinnings." *Id.* at 2287–88. Other than the fact of a prior conviction, a jury must find beyond a reasonable doubt any fact that increases a defendant's sentence beyond the prescribed statutory maximum. *Id.* at 2288 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). The reason for the "prior conviction" exception is that, during the earlier criminal proceeding, the defendant either had a jury or waived his constitutional right to one. *See Apprendi*, 530 U.S. at 488.

As the Supreme Court made clear in *Descamps*, the use of *Shepard* documents "merely assists the sentencing court in identifying the defendant's crime of conviction, as we have held the Sixth Amendment permits." 133 S. Ct. at 2288. This is so because "the only facts the court can be sure the jury . . . found [beyond a reasonable doubt] are those constituting elements of the offense;" and, similarly, "when a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements." *Id.* But where a court relies on non-*Shepard* documents to increase a defendant's sentence, it "extend[s] judicial factfinding" "beyond merely identifying a prior conviction," violating the Sixth Amendment. *Id.*

In sum, in determining whether a conviction qualifies as a "crime of violence", a court must generally consider only the statute and judgment of conviction. Only if the statute is divisible may the court consider *Shepard* documents, and it may do so

only for the sole purpose of ascertaining the statutory elements for which the defendant was convicted. Once those elements are identified, the court must determine whether the least of the acts prohibited *necessarily* requires the use, attempted use, or threatened use of violent, physical force against another. In no case may a court rely on non-*Shepard* documents or analyze whether the defendant's underlying conduct constituted a "crime of violence."

## V. In Light of *Johnson*, Mr. Vasquez's Conviction Under 18 U.S.C. § 924(c) Cannot Be Sustained Because It Was Not Predicated on a "Crime of Violence" Under Either the Elements Clause or Residual Clause

Mr. Vasquez was convicted of a violation of 18 U.S.C. § 924(c) in Counts Three and Nine. At the time of conviction, § 924(c)(1) provided:

> Whoever, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . .if the firearm is discharged, be sentenced to a term of imprisonment of not less than ten years . . . In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty five years . . .

The term "crime of violence" as used therein was (and still is) defined in §924(c)(3) to mean an offense that is a felony and –

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

For the reasons detailed below, Mr. Vasquez's § 924(c) conviction for using a firearm in furtherance of a crime of violence (discharged) a "crime of violence" is

void because the "crime of violence" element cannot be satisfied here.  The predicate offense[2] of Hobbs Act Robbery Conspiracy and Hobbs Act Robbery does not qualify as a "crime of violence" as a matter of law because (A) the residual clause in §924(c)(3)(B) is unconstitutionally vague in light of *Johnson*, and (B) arguably the predicate offenses for Hobbs Act Robbery Conspiracy and Hobbs Act Robbery is categorically overbroad vis-à-vis an offense within §924(c)(3)(A)'s elements. Therefore, the "crime of violence" element of § 924(c) cannot be sustained, and it is now clear that Mr. Vasquez*'s* convictions and consecutive sentence were unconstitutional and must be vacated.  Mr. Vasquez is actually innocent of Counts Three and Nine at this time.

## A.    Section 924(c)'s Residual Clause is Unconstitutionally Vague in Light of *Johnson*

*Johnson* held the residual clause in the ACCA, 18 U.S.C. §  924(e)(2)(B)(ii) ("otherwise involves conduct that presents a serious risk of physical injury to another"), to be unconstitutionally vague because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by Judges."  135 S. Ct. at 2557.  In the Supreme Court's view, the process espoused by *James v. United States*, 550 U.S. 192 (2007), of determining what is embodied in the "ordinary case" of an offense, and then of quantifying the "risk" posed by that ordinary case, was constitutionally problematic: "[t]he residual clause offers no reliable way to choose between . . . competing

---

[2]  The record is unclear as to which substantive count(s) the court relied on for the "crime of violence" element for §924(c) since Mr. Vasquez was convicted of two §924(c) counts.

accounts of what 'ordinary' . . . involves." *Id*. at 2558. As a result, "[g]rave uncertainty" as to how to determine the risk posed by the "judicially imagined ordinary case" led the Court to conclude that the residual clause was void for vagueness. *Id*. at 2557.

The same "ordinary case" inquiry that in *Johnson* led the Supreme Court to conclude that the ACCA residual clause is unconstitutionally was previously applied to § 924(c)(3). *United States v. McGuire*, 706 F.3d 1333, 1337 (11th Cir. 2013). That is, like the ACCA, the residual clause of § 924(c)(3)(B) requires courts to picture the "ordinary" case embodied by a felony, and then assess the risk posed by that "ordinary" case. *See id*.

Notably, the definition of "crime of violence" in the residual clause in § 924(c) is identical to that in 18 U.S.C. § 16(b). *Compare* § 924(c)(3)(B) (offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") *with* § 16(b) (offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used on the course of committing the offense").

The Eleventh Circuit has previously held that the same "ordinary risk" analysis applied in ACCA cases and § 924(c)(3) (the residual clause at issue in Mr. Vasquez's case), also applied in the § 16(b) context. *See United States v. Keelan*, 786 F.3d 865, 871 n.7(11th Cir. 2015) (describing the ACCA otherwise clause and § 16(b) as "analogous" for analysis purposes).

13

This is consistent with the concession made during litigation of the *Johnson* case by the Government, through the Solicitor General, who agreed that the phrases at issue in *Johnson* and here pose the same problem. Upon recognizing that the definitions of a "crime of violence" in both § 924(c)(3)(B) and § 16(b) are identical, the Solicitor General stated:

> Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

*Johnson v. United States*, S. Ct. No. 13-7120, Supp. Br. of Resp. United States at 22-23, *available at* 2015 WL 1284964 at *22-*23) (Mar. 30, 2015).

The Solicitor General was right: section 924(c)(3)(B) and § 924(e)(2)(B)(ii) the ACCA are essentially the same and contain the same flaws. This Court should hold the Government to that concession.

Indeed, courts regularly equate these three clauses—18 U.S.C. § 924(c)(3)(B), 18 U.S.C. § 16(b), and the ACCA residual clause—for purposes of analysis. *See, e.g., Chambers v. United States*, 555 U.S. 122, 133, n.2 (2009) (citing both ACCA and § 16(b) cases and noting that § 16(b) "closely resembles ACCA's residual clause") (Alito, J., concurring); *United States v. Sanchez-Espinal*, 762 F.3d 425, 432 (5th Cir. 2014) (despite the fact that the ACCA talks of risk of injury and § 16(b) talks of risk of force, "we have previously looked to the ACCA in deciding whether offenses are crimes of violence under § 16(b)"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and § 16(b) cases to define the same "ordinary case"

analysis); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on an ACCA case to interpret the definition of a crime of violence under § 924(c)(3)(B)); *Jimenez-Gonzales v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008) (noting that, "[d]espite the slightly different definitions," the Supreme Court's respective analyses of the ACCA and § 16(b) "perfectly mirrored" each other).

Post-*Johnson*, three circuits have extended the reasoning in *Johnson* and concluded that the statutory language and ordinary risk analysis applicable to § 16(b) is sufficiently similar to that applicable to the ACCA's residual clause that it suffers from the same defects of being unconstitutionally vague. *See United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016); *United States v. Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2015) ("Section 16(b) is materially indistinguishable from the ACCA's residual clause" and "it too is unconstitutionally vague"). And that logically suggests that the same must also be true of § 924(c)(2)(B)—**with language identical to § 16(b), and to which the same "ordinary risk" analysis applies**.

Notably, in explicit recognition of the "similarity between § 924(c) and § 924(e)," the Eleventh Circuit – like several of its sister courts – has authorized the filing of a second or successive § 2255 motion asserting that *Johnson* renders § 924(c)(3)(B) unconstitutionally vague. *In re Pinder*, ___ F.3d ___, 2016 WL 3081954 (11th Cir. June 1, 2016) (citing cases). And indeed, several district courts have already found that the § 924(c) residual clause is unconstitutionally vague after *Johnson*. *See United States v. Thongsouk Theng Lattaphom*, ___ F.Supp.3d ___, 2016 WL 393545 (E.D. Cal. Feb. 2, 2016)*; United States v. Bell,* ___ F.Supp.3d ___,

2016 WL 344749 (N.D. Ca. Jan. 28, 2016) ("I agree with defendants that the section 924(c)(3) residual clause cannot stand under *Johnson II.*"); *United States v. Edmunson*, Case No. 13-cr-00015-PWG, D.E. 67 at 11 (D. Md. Dec. 29, 2015) (finding that the 924(c) residual clause is unconstitutionally vague in context where Bank robbery Conspiracy was the qualifying "crime of violence"); *United States v. Lattanaphom*, Case No. 2:99-00433, D.E. 1659, (E.D. Cal. Feb. 1, 2016) (dismissing Bank robbery Conspiracy counts charged as crimes of violence under the residual clause of 924(c) because that clause is unconstitutionally vague); *United States v. Bell*, ___ F. Supp. 3d ___, 2016 WL 344749, *13 (N.D. Cal. Jan. 28, 2016) (finding that the 924(c) residual clause is unconstitutionally vague and may not be used to establish that robbery of government property under 18 U.S.C. 2112 is a crime of violence). This is because, in determining whether an offense falls under § 924(c)'s residual clause, a court would have to engage in the very analysis deemed constitutionally problematic by the Supreme Court in *Johnson*.

Section 924(c)(3)(B), like the materially indistinguishable residual clause in the ACCA, thus requires the "ordinary case" analysis to assess the risk involved in a predicate offense, and how risky that ordinary case is. *Fuertes*, 805 F.3d at 500 n.6; *Avila*, 770 F.3d at 1107; *Ayala*, 601 F.3d at 267; *Van Don Nguyen*, 571 F.3d at 530; *Sanchez-Garcia*, 501 F.3d at 1213. Because these are the identical analytical steps that brought down the ACCA residual clause, § 924(c)(3)(B) cannot survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*. As

a consequence, the residual clause cannot be used to support a conviction under § 924(c).

## B. Hobbs Act Robbery Categorically Fails to Qualify as a "Crime of Violence" Under the Elements Clause

The Hobbs Act statute, 18 U.S.C. § 1951, in pertinent part, defines the term "robbery" in subsection (b)(1) to mean:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

As detailed *supra*, in determining whether an offense qualifies as a "crime of violence" under the elements clause, sentencing courts must employ the categorical approach. *Descamps*, 133 S. Ct. at 2283; *Estrella*, 758 F.3d at 1244-1245. And application of the post-*Descamps*, elements-driven categorical approach to Hobbs Act robbery yields the conclusion that it is *not* a "crime of violence" under the elements clause in § 924(c)(3)(A) for multiple reasons.

Notably, by its terms, Hobbs Act robbery under 18 U.S.C. § 1951 can be committed by putting one in fear of future injury to his person or property. And this Court's pattern jury instructions make clear that Hobbs Act robbery is an indivisible offense. *See* 11th Cir. Pattern Jury Instr. 70.3 (2010) (listing as the second, indivisible element of the offense – without any bracketed alternatives – that the government must prove beyond a reasonable doubt that "the Defendant

took the property against the victim's will by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future"). For the reasons set forth below, the statute does *not* require the threat of *violent physical force* against persons or property in every case. And therefore, a conviction under § 1951 does not qualify as a "crime of violence" under the elements clause in § 924(c)(3)(A) under current law.

As a threshold matter, because Hobbs Act robbery can be accomplished by placing somebody in fear of injury to his *property*, it does not require the use of violent physical force in every case. Notably, "[t]he concept of 'property' under the Hobbs Act is an expansive one" that includes "*intangible assets*, such as rights to solicit customers and to conduct a lawful business." *United States v. Arena*, 180 F.3d 380, 392 (2d. Cir. 1999); *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 401 n.8 (2003) (emphasis added). *See also* 11th Cir. Pattern Jury Instruction 70.3 ("Property includes . . . intangible rights that are a source or element of income or wealth"); *United States v. Local 560 of the International Brotherhood of Teamsters*, 780 F.2d 267, 281 (3d Cir. 1986) (noting that the Circuits "are unanimous in extending Hobbs Act to protect intangible as well as tangible property"). **For** example, Hobbs Act robbery can be committed via threats to cause a devaluation of some economic interest. *United States v. Iozzi,* 420 F.2d 512, 514 (4th Cir. 1970) (sustaining Hobbs Act conviction when boss threatened "to slow down or stop construction projects unless his demands were met"). Such threats to economic interests are certainly *not* threats of "violent force."

And even where a Hobbs Act robbery is committed by "causing the victim to fear harm, either immediately or in the future," this Court has explained in its pattern instruction that the term "fear" "includes the fear of financial loss as well as fear of physical violence."

Second, even if the "fear of injury" aspect of the statute *required* placing the victim in fear of "physical violence" and therefore, bodily injury – which it certainly does *not* in every case – federal cases interpreting the analogous "intimidation" element in the federal bank robbery statute (18 U.S.C. § 2113(a)) compel the conclusion that the statute is overbroad vis-a-vis an offense within § 924(c)(3)(A)'s elements clause. Notably, federal bank robbery may be accomplished by "intimidation," which means placing someone in fear of bodily harm. And notably, the standard is an objective, "reasonable person" test. *See United States v. Woodrop*, 86 F.3d 359, 364 (4th Cir. 1996) ("intimidation" under federal bank robbery statute means "an ordinary person in the [victim's position] reasonably could infer a threat of *bodily harm* from the defendant's acts") (emphasis added); *see also United States v. Pickar*, 616 F.3d 821, 825 (2010) (same); *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) (same); *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003) (same); *United States v. Higdon*, 832 F.2d 312, 315 (5th Cir. 1987) (same).

"Intimidation" is satisfied under the bank robbery statute "whether or not the defendant actually intended the intimidation," as long as "an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the

defendant's acts." *Woodrup*, 86 F.3d at 36. Indeed, "[w]hether a particular act constitutes intimidation is viewed objectively, and a defendant can be convicted under [the federal bank robbery statute] even if he did not intend for an act to be intimidating." *Kelley*, 412 F.3d at 1244 (internal citation omitted). *See also United States v. Yockel*, 320 F.3d 818, 821 (8th Cir. 2003) (upholding bank robbery conviction even though there was no evidence that defendant intended to put teller in fear of injury: defendant did not make any sort of physical movement toward the teller and never presented her with a note demanding money, never displayed a weapon of any sort, never claimed to have a weapon, and by all accounts, did not appear to possess a weapon); *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993) (same). In other words, a defendant may be found guilty of federal bank robbery even though he did not intend to put another in fear of injury. It is enough that the victim reasonably fears injury from the defendant's actions – whether or not the defendant actually *intended* to create that fear.

But the elements clause in § 924(c)(3)(A) requires that a defendant *intentionally* place another in fear of injury. *See Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006) (analyzing 18 U.S.C. § 16(a)'s identical elements clause, and holding that an offense can only constitute a "crime of violence" under the [elements] clause if it has an element that requires an "*intentional* employment of physical force [or threat of physical force]"). Due to the lack of this intent, federal bank robbery criminalizes conduct that does not require an intentional threat of physical force. And for the same reason that federal bank robbery therefore

squarely fails to qualify as a "crime of violence," *see id.*, the "fear of injury" component of the Hobbs Act statute renders that statute as well categorically overbroad.

Finally, even if the statute required the causation or threat of physical injury to the person of another – which again, it does *not* – the statute would still not necessarily require the use or threatened us of any physical force, let alone violent physical force. *See, e.g., United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) (evaluating Cal. Penal Code § 422(a) and reasoning that "[o]f course, a crime may *result* in death or serious injury without involving *use* of physical force"); *Chrzanoski v. Ashcroft*, 327 F.3d 188, 194 (2d Cir. 2003) (noting that "there is a difference between the causation of an injury . . . and an injury's causation by the use of physical force"); *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010) (holding that statute criminalizing threatening to commit a crime which will result in death or great bodily injury to another person is not a crime of violence because it does not necessarily involve the use of force); *United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005) (explaining that although Colorado assault statute required causation of bodily injury, imposing injury does not "necessarily include the use or threatened use of 'physical force' as required by the Guidelines").

As the Second Circuit has explained, "human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient" or someone

who causes physical impairment by placing a tranquilizer in the victim's drink. *Chrzanoski*, 327 F.3d. at 195-96. Likewise, the Tenth Circuit has reasoned that "several examples [exist] of third degree assault that would not use or threaten the use of physical force: . . . intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals." *Perez-Vargas*, 414 F.3d at 1286. The same is true of Hobbs Act robbery. It, too, can be accomplished without using or threatening to use physical force.

In short, the full range of conduct covered by the Hobbs Act robbery statute does not require the use or threat of "violent force" in every case. Accordingly, such a conviction cannot qualify as a "crime of violence" under the elements clause in 18 U.S.C. § 924(c)(3)(A).[3] § 924(c) conviction(s) in Counts Three and Nine should be

---

[3] Although the Eleventh Circuit recently held that a conviction for Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)," that was only in the context of a *pro se* application for leave to file a second or successive § 2255 motion. *In re Fleur*, ___ F.3d ___, 2016 WL 3190539 at *3 (11th Cir. June 8, 2016). Nevertheless, even if that holding were to apply to a different applicant's ***first*** § 2255 motion – which is unclear – the law is in flux as to the issue since the reasoning and holding in *Fleur* directly conflict with that in *In re Pinder*, ___ F.3d ___, 2016 WL 38081954 at *2 (11th Cir. June 1, 2016)(recognizing that whether a Hobbs Act robbery conviction is categorically a "crime of violence" after *Johnson* remained an open question in this Circuit that should *not* be determined at the authorization stage). A subsequent Eleventh Circuit panel has now confirmed in a published decision that the approach in *Pinder* was correct, since resolution of an issue of first impression at the authorization stage is wrong, and whenever two circuit precedents conflict or are in "tension," the earliest case controls. *In re Rogers*, ___ F.3d ___, 2016 WL 3362067 at *2 n. 6(11th Cir. June 17, 2016).

A *counseled* application has been refiled in *Fleur*, since other Eleventh Circuit panels have reversed prior rulings denying *pro se* successive applications in response to re-filed, counseled applications pointing out errors in their prior decisions. *See, e.g.*, *In re Robinson*, No. 16-12616 (11th Cir. June 8, 2016)

vacated since the residual clause is now unconstitutionally vague and void.

### C.    Hobbs Act Conspiracy is not a "Crime of Violence" Within the Elements Clause

Mr. Vasquez's § 924(c) conviction relies on the residual clause in § 924(c)(3)(B) because the Hobbs Act Conspiracy charge arguably underlying his § 924 conviction (Count Three) fails to qualify as a crime of violence under the "elements" clause in § 924(c)(3)(A).  Accordingly, his is entitled to § 2255 relief.

Under § 924(c)(3)(A), an offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  The term "physical force" in § 924(c)(3)(A) has the meaning given to it by the Supreme Court's 2010 decision in *Johnson v. United States*, 559 U.S. 133, 140 (2010).  There, the Supreme Court held that the phrase "physical force" means "violent force," i.e., "strong physical force" that is "capable of causing physical pain or injury to another person."  *Id.*  Conspiracy to commit Hobbs Act robbery falls far short of satisfying this definition.

In determining whether an offense qualifies as a "crime of violence" under the "elements" clause, sentencing courts must employ the categorical approach.  *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).  Application of the elements-driven categorical approach to Hobbs Act robbery yields the conclusion that it is not a "crime of violence" under the elements clause in § 924(c)(3)(A).

---

(concluding that earlier, published decision, reported at 2016 WL 1583616, denying *pro se* application was "not correct"); *In re Turner*,  No. 16-13012 (11th Cir. June 14, 2016) (granting re-filed counseled application following earlier denial of pro se application in Case No. 16-11914).

Conspiracy to commit Hobbs Act robbery does not have "as an element the use, attempted use, or threatened use of physical force against a person or property of another," and therefore, does not fall within the § 924(c)(3)(A) elements clause. A federal conspiracy is merely an "agree[ment] with someone else to do something that would be another Federal crime if it was actually carried out." 11th Cir. Pattern Jury Instruction 13.1 (2010). The offense may be committed by agreement alone, and does not require actual or threatened force. A Hobbs Act conspiracy under 18 U.S.C. § 1951(a) does not even require an overt act toward the commission of the substantive crime. *See United States v. Saluhaddin*, 765 F.3d 329, 338 (3d Cir. 2014) (holding that "Hobbs Act conspiracy under § 1951 does not require an overt act"). *See also Ocasio v. United States*, ___ U.S. ___, 136 S. Ct. 1423, 1430 (2016) ("Not only is it unnecessary for each member of a conspiracy to agree to commit each element of the substantive offense, but also a conspirator may be convicted even though he was incapable of committing the substantive offense himself.") (internal quotation marks omitted).

As a result, conspiracy to commit Hobbs Act robbery cannot satisfy the elements clause in § 924(c)(3)(A). Notably, at least one district court has already found that "it is undisputed that Hobbs Act Conspiracy can be committed even without the use, attempted use, or threatened use of physical force against the person or property of another" and therefore "conspiracy to commit Hobbs Act robbery . . . does not fall within the § 924(c) [elements clause]." *United States v.*

*Edmunson*, Case No. 13-cr-00015-PWG, D.E. 67 at 5 (D. Md. Dec. 29, 2015). This Court should reach the same conclusion.

It is clear, therefore, that Mr. Vasquez's § 924(c) conviction in Counts Three and Nine rests on the residual clause in § 924(c)(3)(B). And, because the residual clause is unconstitutionally vague in light of *Johnson*, this Court should vacate Mr. Vasquez's § 924(c) convictions in Counts Three and Nine.

## CONCLUSION

For the reasons set forth above, the residual clause in 18 U.S.C. § 924(c)(3)(B) is void for vagueness in light of *Johnson*, and a Hobbs Act Robbery Conspiracy and Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) does not qualify as a "crime of violence" under § 924(c)(3)(A). Mr. Vasquez therefore respectfully requests that the Court grant this § 2255 motion, vacate his conviction pursuant to 18 U.S.C. § 924(c) and resultant of total of 420 months (300 months consecutive sentence to 120 months).

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:     *s/Panayotta Augustin-Birch*
        Panayotta Augustin-Birch
        Assistant Federal Public Defender
        Florida Bar No. 359970
        109 North Second Street
        Fort Pierce, Florida 34950
        Tel:  772-489-2123
        Fax: 772-489-3997
        E-Mail: panayotta_augustin-birch@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Panayotta Augustin-Birch*
Panayotta Augustin-Birch

**Panayotta Augustin-Birch**
**Assistant Federal Public Defender**
109 North Second Street
Fort Pierce, FL 34950
Tel: 772-489-2123
Fax: 772-489-3997
Email: panayotta_augustin-birch@fd.org
Notices of Electronic Filing

**Russell R. Killinger**
**Assistant United States Attorney**
United States Attorney's Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel: 772-466-0899
Fax: 772-595-3606
Email: russell.killinger@usdoj.gov
Notices of Electronic Filing

JS 44 (Rev. 11/15) Revised
03/16

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
YUBRAN ALVAREZ VASQUEZ

## DEFENDANTS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff  LIVE OAK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:      IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Panayotta Augustin-Birch, Federal Public Defender's Office
109 North 2nd Street, Fort Pierce, Florida 34950

Attorneys *(If Known)*
United States Attorney's Office, 99 N.E. 4th Street,
Miami, Florida 33132

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☒ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / Liability |  | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** |  | **LABOR** / **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability |  / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☒ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / **Other:** |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 535 Death Penalty |  |  |  |
|  | ☐ 448 Education / ☐ 540 Mandamus & Other | **IMMIGRATION** |  |  |
|  | ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 560 Civil Detainee – Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed (See VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment  ☐ 8 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):*

a) Re-filed Case ☐YES ☐NO    b) Related Cases ☒YES ☐ NO

JUDGE  MARTINEZ                    DOCKET NUMBER 13-14063-CR-JEM

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2255; Motion to Vacate Sentence after Supreme Court decision in Johnson v. United States
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE  6-23-16
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE